

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-366-07

**MICHAEL REED, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE TENTH COURT OF APPEALS
### BRAZOS COUNTY

COCHRAN, J., filed a concurring opinion in which WOMACK, J., joined.

### O P I N I O N

Didn't Richard III cry out, while he was at, on, or in Bosworth Field, "My kingdom

for a proper preposition!" Well, perhaps it was a horse, but in this case the State's

prosecution fails for want of a proper preposition. And it must, given both the vagaries of

the English language and the sense of the penal statute.

The issue is: Can you shoot "at" a house from inside of it?

First, let us set the whole scene. The pertinent portion of the deadly conduct statute,

Section 22.05(b) of the Penal Code, states:

> A person commits an offense if he knowingly discharges a firearm at or in the direction of:
> (1)     one or more individuals; or
> (2)     a habitation, building, or vehicle and is reckless as to whether the habitation, building, or vehicle is occupied.

The two prepositions–"at" and "in the direction of"[1]–introduce several different prepositional nouns: "individuals," "habitation," "building," or "vehicle."   Therefore, the word "at" must have the same spatial relationship to "individual" in subsection (1) as it does to "habitation" in subsection (2).   The State argues that the word "at" in this statute is large enough, powerful enough, or vague enough to include the preposition "inside."  Test that proposition: It does not make sense that the legislature would enact a statute saying, "A person commits an offense if he knowingly discharges a firearm *inside* one or more individuals."[2]  This is an absurd interpretation, unless the victim is Jack the Giant.

Second, let us focus on ordinary usage.  The word "at" is a tiny word that can carry a lot of freight and bear many different meanings, depending upon the context.  When used in the deadly conduct statute, however, it refers to a positional place or spatial direction.  The three common prepositions of place are "at," "on," and "in."  "At" normally refers to a point,

---

[1] In truth, "in the direction" is one prepositional phrase, and "of" is the preposition that starts the second prepositional phrase, describing which direction.

[2] If the statute had criminalized the act of shooting at whales, then Chief Justice Gray's analogy to Jonah shooting the whale while he was inside that leviathan would be entirely apt. *Reed v. State*, 214 S.W.3d 626, 630 (Tex. App.–Waco 2007) (Gray, C.J., dissenting on motion for rehearing) ("if Jonah had a weapon, he probably would have shot 'at' the 'big fish' that swallowed him too.").

"on" refers to a surface, and "in" refers to an enclosed space.[3]  Thus, "shooting at the house"

normally means shooting at a point called a house from some other point outside the house;

"shooting on the house" means shooting from the house while located somewhere on its

surface (perhaps the roof); and "shooting in the house" means a shooting that occurs inside

the area of the house.[4]  And, of course, shooting "at an individual" in subsection (b)(1) means

shooting at a point called an individual from some other point outside that individual.  The

---

[3] *See, e.g., Prepositions of Location: At, In, On,* Purdue University Online Writing Lab. Available at: http://owl.english.purdue.edu/handouts/esl/eslprep2.html (Last visited on October 16, 2008).  The Purdue Writing Lab explains the distinctions thus:

> Prepositions differ according to the number of dimensions they refer to. We can group them into three classes using concepts from geometry: point, surface, and area or volume.
>
> **Point**
>
>> Prepositions in this group indicate that the noun that follows them is treated as a point in relation to which another object is positioned.
>
> **Surface**
>
>> Prepositions in this group indicate that the position of an object is defined with respect to a surface on which it rests.
>
> **Area/Volume**
>
>> Prepositions in this group indicate that an object lies within the boundaries of an area or within the confines of a volume.
>
> In light of these descriptions, *at*, *on*, and *in* can be classified as follows:
>
> at  . . . point
> on . . . surface
> in  . . . area/volume

The Writing Lab then gives examples:

> 1. My car is at the house.
> 2. There is a new roof on the house.
> 3. The house is in Tippecanoe County.
> 4. There are five rooms in the house, which has a lovely fireplace in the living room.

[4] "Shooting into the house" means someone outside the house is shooting into it from that outside point.

common usage interpretation makes good sense in the context of the deadly conduct statute.

Third, if, in fact, the word "at" is ambiguous in this statute, one may appropriately look to the legislative history. Unfortunately, Section 22.05(b)(2) was added to the Penal Code as part of the large-scale Penal Code Revision of 1993, and I am unable to find a specific bill analysis for this particular statutory amendment. However, Texas prosecutors apparently assume that the purpose of this provision is to provide increased punishment for drive-by shootings. The annotated version of the TDCAA Penal Code states, "Drive-by shooting at houses, buildings, or cars is made a third degree felony by this statute."[5] Indeed it is. And rightfully so. The danger to human life posed by gang members driving through an enemy gang's territory and "shooting up the place" is extravagantly high. Even when a "drive-by" shooting does not result in any actual deaths, that conduct poses a high risk of physical danger and creates an atmosphere of civic panic, fear, and mayhem. It is such risky conduct that, even in the absence of any physical injury, the legislature has appropriately increased the punishment for it to a third-degree felony.

Finally, appellant could have been prosecuted for the offense of deadly conduct, just not under the enhanced-punishment provision. He could have been charged with deadly conduct under Section 22.05(a) which provides, "A person commits an offense if he recklessly engages in conduct that places another in imminent danger of serious bodily injury." Under this provision, it does not matter whether appellant discharged his gun "at"

---

[5] DIANE BURCH BECKHAM, CRIMINAL LAWS OF TEXAS 2005-2007, 55 (TDCAA 2005).

the house, "on" the house, or "in" the house.  This penal provision appropriately addresses the risk that appellant posed to his brother.  Like the assault for which appellant was also convicted, it is a Class A misdemeanor and carries a possible punishment of up to one year in jail, rather than a third-degree punishment of between two and ten years in prison for a conviction under Section 22.05(b)(2), the commonly called "drive-by shooting" provision.

With these comments, I join the majority opinion.

Filed: October 29, 2008

Publish